# Bialbloca's Petition.

*Interest—Retention of money without right—Legal rate of interest—Certiorari—Evidence—Attorney at law.*

1. On an appeal from an order directing an attorney at law to pay over money to a client, but permitting him to retain a certain amount for legal services, the appellate court cannot consider the evidence relating to the correctness of the allowance, for legal services, inasmuch as such an appeal is in the nature of a certiorari and takes up only the record. The appellee in such a case cannot claim that the appeal should be dismissed because the appellant omitted the testimony in his paper-book.

2. Where an attorney at law retains money of a client against the demand of the owner, and without right, for a long period of time, he should be charged, when ordered by the court to repay it, the full legal rate of six per cent and not the ordinary banking rate of three per cent.

Argued April 11, 1912. Appeal, No. 78, April T., 1912, by Josephine Bialbloca, from order of C. P. No. 2, Allegheny Co., April T., 1910, No. 164, directing respondent to pay over money In re Petition of Josephine Bialbloca, for rule on I. Leonard Aronson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Decree modified and affirmed.

Petition for an order on an attorney at law to pay over money.

HAYMAKER, J., filed the following opinion:

On January 26, 1910, Mrs. Josephine Bialbloca presented her petition and obtained a rule on I. Leonard Aronson, a member of this bar, to show cause why he should not pay her a certain sum of money which she had placed in his hands. The respondent submits the whole matter for our determination and raises no question of jurisdiction.

The petitioner is between sixty and seventy years of age, ignorant of business or legal proceedings, and cannot speak the English language. In January, 1903, her sister made information against her in which she was charged with larceny by bailee, of a certain sum of money, being about $1,100. Her daughter, Mrs. Frances Milcarek, employed the respondent as counsel. The petitioner being unable to obtain bail her counsel agreed to become her bondsman, provided she would place in his hands $550, of which $50.00 was to be his fee in the case. The amount was so deposited, and he signed a recognizance for her appearance, in the sum of $1,000. She was indicted, and when the case came on for trial the respondent employed other counsel to defend her, to whom he paid $50.00, and he, the respondent, took no part in the actual trial. On the conclusion of the commonwealth's case the court suggested that a nolle prosequi be entered, which was done.

From the testimony taken on this rule it is evident that the prosecution was unfounded, and that the defendant was at no time in danger of a conviction on that charge. It appears that the prosecution was begun by a sister of the defendant, based on the allegation that the defendant had taken money from the person of another sister while she was confined to bed by an illness from which she died. The prosecutrix took out letters of administration on her sister's estate and set up the claim that the money paid to Mr. Aronson was a part of the money which, it was alleged, the defendant so took from her sister. The counsel of the administratrix verbally notified Mr. Aronson not to pay the money to the petitioner at the time the criminal prosecution was ended. The counsel first employed by the administratrix ceased to represent her in about one year after his employment, and she employed other counsel, who merely suggested that the respondent should hold this money, and later she employed still another member of the bar, who took a similar position, that this money belonged to the estate of the deceased sister. During all

this time there were no legal steps taken by the administratrix other than the employment of counsel, who did nothing more than suggest that the money belonged to the estate and should not be paid by respondent to the petitioner.

The respondent now claims that the petitioner owes him

| | |
|---|---|
| the amount paid counsel for defending her, . | $50.00 |
| Costs paid for her . . . . . . | 10.50 |
| And a fee for himself of . . . . . | 250.00 |
| Making in all . . . . . . . | $310.50 |

and that he has always been ready to pay her the difference, but was deterred from doing so by the demands of the administratrix of the deceased sister. The petitioner refused to accede to the claim of her counsel, and repeatedly demanded the repayment of her money. The claim of counsel is certainly excessive and cannot be allowed. In reading the testimony it is difficult to determine just what legal services were rendered by the respondent. Neither he nor his witness specifically points out the particular services rendered. We have been given nothing definite. Doubtless he rendered her some service at the time of her arrest, in preparation of the case for trial and in resisting the demands of different counsel for the administratrix that the money in his hands belonged to the sister's estate, but in the very nature of the case we can conceive of no difficulties, or the necessity of any legal services, justifying a charge of $250. Much might be said against the retention of this money for seven years on no stronger reason therefor than that counsel for the administratrix set up a claim to it, and yet took no legal steps by which to establish her right. What possible excuse could be set up for its retention after the expiration of six years? At no time did the respondent offer to pay to her anything over and above his charges, not even after the claim of the administratrix was barred.

184          BIALBLOCA'S PETITION.

Opinion of Court below—Opinion of the Court.   [50 Pa. Superior Ct.

The respondent received of the petitioner          $500.00
We will allow him the following credits:

| | | | | |
|---|---|---|---|---|
| Cash paid, Mr. Rodgers' fee | . | . | $50.00 | |
| Cash paid, costs in criminal case | . | . | 10.50 | |
| For his legal services | . | . | . | 100.00 |
| | | | | ——— 160.50 |

Balance now due petitioner . . $389.50

The respondent is directed to pay this amount of $389.50 to the petitioner, without interest, and the cost of this proceeding. By a subsequent order, the court directed that the interest should be at the usual banking rate of three per cent.

*Error assigned* was the order of the court.

*Carl D. Smith*, of *Zehner, Smith & Bradshaw*, for appellant, cited as to allowance of fees: Balsbaugh v. Frazer, 19 Pa. 95; Bredin v. Kingland, 4 Watts, 420; Large v. Coyle, 12 Atl. Repr. 343; Fisher v. Knox, 13 Pa. 622; Shoemaker v. Stiles, 102 Pa. 549; In re Davies, 93 Pa. 116; Heindel's Case, 15 York Leg. Rec. 77; Boulden v. Hebel, 17 S. & R. 312; Hutchinson v. Bank, 41 Pa. 42; In re Campbell, 2 Pa. Superior Ct. 99.

Cited as to the rate of interest: Priestly v. Bird, 1 Northumberland County Leg. News, 113.

*L. K. Porter*, for appellee, filed no printed brief.

PER CURIAM, May 13, 1912:
The nature of the proceedings brought up for review by this appeal will clearly appear upon perusal of the opinions filed by the learned judge of the common pleas and need not be restated by us. Appellee's counsel calls attention to the omission of the testimony from the appellant's paper-book, but as it is conceded that the appeal in such a case is in the nature of a certiorari and brings up only

the record, this omission is not ground for dismissing the appeal.  However, as the correctness of the allowance made to the respondent for legal services depends upon the determination of questions of fact arising out of the evidence, and as the evidence is not before us, it necessarily follows that we are not in position to review that part of the decree.  But it is a general rule of law that interest is recoverable from one who has received money belonging to another and has retained it against the demand of the owner and without right.  We can conceive of no plainer case for applying this general rule than the one before us.  Under the facts found by the learned judge he properly held that the respondent was chargeable with interest on the balance of the petitioner's money unjustly retained by him, but no sufficient reason has been suggested or is discoverable for not computing it at the legal rate instead of at the rate of three per cent.  Computing it at the latter rate we regard as an error of law, which sufficiently appears in the decree itself to enable us to correct it.

The final decree is amended by substituting the words "six per cent" for "3%" and as thus amended is affirmed; the costs of this appeal to be paid by I. Leonard Aronson, the appellee.